UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SENDRELLA MOORE,** }<br>}<br>Plaintiff, }<br>}<br>v. }<br>}<br>**MIDFIRST BANK,** }<br>}<br>Defendant. } | Case No.: 5:18-mc-01414-MHH |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on MidFirst Bank's motion to withdraw the general order of reference pertaining to an adversary proceeding that Sendrella Moore filed against MidFirst in bankruptcy court. (Doc. 1).

On April 5, 2017, Ms. Moore filed a Chapter 13 bankruptcy petition. (Doc. 1, ¶ 1; Doc. 5, p. 2, ¶ 1). Ms. Moore included in her Schedule D a secured mortgage debt and identified MidFirst Bank as a secured creditor. (Doc. 1, ¶ 1; Doc. 5, p. 2, ¶ 2). While the bankruptcy proceedings were pending, on at least two occasions, MidFirst mailed a "Bankruptcy Message" to Ms. Moore. (Doc. 5, p. 2, ¶ 3; Doc. 5-1; Doc. 5-2). The documents state:

> **Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect debt against you.**

1

> If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.
>
> **If you want to stop receiving statements, write to us.**

(Doc. 5-1, p. 1; Doc. 5-2, p. 1).

In response, Ms. Moore filed an adversary proceeding in the bankruptcy court. (Doc. 5, p. 2, ¶ 4). Ms. Moore contends that MidFirst's mailings constitute demands for payment that violate the automatic bankruptcy stay under 11 U.S.C. § 362(a)(3). (Doc. 5, p. 2, ¶ 3). Pursuant to 28 U.S.C. § 157(d), MidFirst asks the Court to withdraw the reference and exercise jurisdiction over the adversary proceeding. (Doc. 1).

District courts possess "original and exclusive jurisdiction" of cases under Title 11 of the Bankruptcy Code. 28 U.S.C. § 1334. A district court may refer those cases to a bankruptcy court. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). This Court has issued a general order of reference for bankruptcy matters. Pursuant to § 157 (d), the Court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Court must "on timely motion of a party, so withdraw a proceeding if the court

determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

The Court grants MidFirst's motion to withdraw the general order of reference with respect to Ms. Moore's adversary proceeding because MidFirst has shown good cause for doing so. There are multiple adversary proceedings pending in this district against MidFirst, and those proceedings will require interpretation of regulations that the Consumer Protection Financial Bureau recently enacted. Ms. Moore acknowledges that MidFirst's affirmative defense concerning the regulations presents a question of first impression that "requires the material consideration of non-bankruptcy law." (Doc. 5, pp. 4-5). Because the issues in the adversarial proceeding require the material consideration of non-bankruptcy law and because a decision by the bankruptcy court on a question of first impression likely would generate an appeal to this Court, withdrawal of the reference will promote efficient use of the parties' and the Court's resources. *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000).

Also pending before the Court is the parties' joint motion to consolidate. (Doc. 8). Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the parties ask the Court to consolidate this matter with other related matters pending in this district. As a matter of settled practice, when parties ask to consolidate related

cases in this district, the cases typically are consolidated by and before the judge presiding over the first-filed case. The practice prevents judge shopping. Because *Moore* is not the first case filed among the cases that the parties wish to consolidate, the Court may not decide the motion to consolidate in this case.

The Court asks the Clerk to please term Docs. 1 and 8.

**DONE** and **ORDERED** this February 8, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE